IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KATRINA-TOYA: HAMPTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:24-cv-00745-PX |
| WELLS FARGO BANK N.A., CHARLES W. SCHARF, | * | |
| | * | |
| Defendants. | | |
| | ****** | |

**MEMORANDUM OPINION**

On March 13, 2024, Plaintiff Katrina-Toya: Hampton ("Hampton") filed suit against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Wells Fargo Chief Executive Officer Charles W. Scharf ("Scharf"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; embezzlement under 18 U.S.C. § 641; and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* ECF No. 1 at 4–6. Wells Fargo now moves to dismiss the claims against it, and Scharf moves to dismiss for lack of personal jurisdiction. ECF Nos. 9 & 10. Because Hampton proceeds pro se, the Clerk notified her that she has the right to respond to the motions and that failure to respond may result in dismissal of the Complaint without further notice. ECF Nos. 11 & 12. Hampton did not respond to the motions, but instead moved for summary judgment to be granted in her favor and for the Court to deem certain facts as admitted. ECF Nos. 13 & 14. A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated below, the Court grants Defendants' motions and denies Hampton's motions as moot.

**I.   Background**

1

Although Hampton claims to have filed a verified Complaint, the pleading includes few facts from which to discern the nature of her claim.[1]  ECF No. 1.  However, relevant public records that are integral to the claims and authentic, *see Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007), reflect that the action arises from Hampton's mortgage loan on the property located at 10907 Marlboro Crossing Court, in Cheltenham, Maryland.  ECF No. 1 ¶¶ 21–28; ECF Nos. 9-3 & 9-4.  Shortly after securing the loan, Hampton fell behind on her mortgage payments, prompting the commencement of a foreclosure action.  ECF No. 9-5; *see Devan, Gloth, Drexel & McNair v. Katrina T. Hampton*, No. CAEF-13-32283 (Cir. Ct. Prince George Cnty.), Maryland Judiciary Case Search, https://casesearch.courts.state.md.us/casesearch/ (under "Case Number Search," enter case number CAEF 1332283 (last visited Jan. 21, 2025).  Rather than proceeding with foreclosure, Hampton reached a loan modification agreement with the bank.  ECF Nos. 9-6 & 9-7.  But when Hampton once again fell behind on mortgage payments, a second foreclosure action was initiated.  ECF No. 9-8; *see Brown, Savage, Britto, Stitely & Callahan v. Katrina T. Hampton*, No. CAEF-16-42451 (Cir. Ct. Prince George Cnty.), Maryland Judiciary Case Search, https://casesearch.courts.state.md.us/casesearch/ (under "Case Number Search," enter case number CAEF 1642451 (last visited Jan. 21, 2025).  And once again, Hampton avoided foreclosure with a second loan modification agreement.  ECF Nos. 9-9 & 9-10.

In 2023 and 2024, Hampton sent Wells Fargo several "notices," concerning the mortgage.  ECF No. 1 ¶ 18–28.  Although the Complaint includes few facts apart from the notices' inscrutable titles, the pleading suggests that Hampton filed the notices so she could

---

[1] A complaint is "verified" if it contains "a sworn statement indicating that its contents are 'true and correct based upon [the] personal knowledge and documents available to'" party filing complaint.  *World Fuel Servs. Trading v. Hebei Prince Shipping Co.*, 783 F.3d 507, 516 (4th Cir. 2015) (quoting *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991)).

subsequently argue that the mortgage loan was extinguished based on Wells Fargo's failure to respond. *Id.* From this, Hampton alleges several violations of the FDCPA (15 U.S.C. §§ 1692(e–g)) for attempting to collect a debt by harassment (Count One); using false, deceptive misleading, unfair or unconscionable means (Counts Two & Four) [2]; and attempting to collect the debt without first "validating" it in response to Hampton's written requests (Count Five). *Id.* ¶¶ 33–40. Hampton also baldly alleges the federal criminal offense of embezzlement (Count Six) and an FCRA violation arising from the alleged reporting of "invalidated" information to the credit reporting agencies (Count Seven). *Id.* ¶¶ 41–44. Hampton seeks "recoupment in the amount of $61,945,570." *Id.* at 6.

The Court turns first to Scharf's motion to dismiss.

## II.     Scharf's Motion to Dismiss for Lack of Personal Jurisdiction

According to the Complaint, Scharf is the CEO of Wells Fargo but had no personal involvement in Hampton's mortgage loan or any contacts with this forum. ECF Nos. 1 & 1-2. Predictably, Scharf argues that the claims against him must be dismissed for lack of personal jurisdiction. ECF No. 10. Challenges to personal jurisdiction are brought pursuant to Federal Rule of Civil Procedure 12(b)(2). At the pleading stage, the plaintiff need only make a prima facie showing of personal jurisdiction. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). To ascertain whether personal jurisdiction exists, the Court takes the complaint facts as true and most favorably to the plaintiff. *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989)).

---

[2]The Complaint does not include a Count Three.

The Court may exercise personal jurisdiction over any defendant who is "at home" in the forum state, or who otherwise maintains contacts with the forum "in the manner provided by state law" pursuant to the state's long-arm statute. *See Carefirst of Md., Inc.*, 334 F.3d at 396 (citing Fed. R. Civ. P. 4(k)(1)(A)); *see also Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). The former is termed "general jurisdiction" while the latter is "specific jurisdiction."

As for general jurisdiction, no Complaint facts make plausible that Scharf is "at home" in Maryland. Apart from naming Scharf as Wells Fargo's CEO, the Complaint includes no facts pertinent to him. ECF No. 1. Scharf even was served in California, suggesting that his state of residence is not Maryland. ECF No. 6. Thus, the pleadings do not establish that Scharf had any contacts with Maryland sufficient to confer general jurisdiction.

Specific jurisdiction is proper where (1) personal jurisdiction is authorized by the forum state's long-arm statute and (2) the exercise of personal jurisdiction comports with the due process requirements inherent in the Fourteenth Amendment to the United States Constitution. *See Christian Sci. Bd. of Dir. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Maryland's long-arm statute is co-extensive with federal due process limits and so the two prongs may be analyzed together. *See Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 n.6 (2006).

According to Maryland's long-arm statute, a Court may exercise personal jurisdiction over a defendant who directly, or through an agent:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply goods, food, services, or manufactured products in the State;
> (3) Causes tortious injury in the State by an act or omission in the State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
> (5) Has an interest in, uses, or possesses real property in the State;

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code, Cts. & Jud. Proc. § 6-103.

When viewing the Complaint most favorably to Hampton, nothing supports the exercise of specific jurisdiction as to Scharf. Indeed, no acts or omissions particular to Scharf are alleged anywhere in the Complaint. Accordingly, the motion to dismiss for lack of personal jurisdiction is granted and the Complaint against Scharf is dismissed without prejudice. *See Progressive Mins. LLC v. Rashid*, No. CIVA 5:07CV108, 2008 WL 4416408, at *6 (N.D.W. Va. Sept. 24, 2008) (dismissal for lack of personal jurisdiction must be without prejudice) (citing 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 4436, at 168–170 (2d ed. 1990)).

The Court next turns to Wells Fargo's motion to dismiss. ECF No. 9.

**III.    Wells Fargo's Motion to Dismiss for Failure to State a Claim**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The Court, however, need not credit naked legal conclusion devoid of factual support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A motion to dismiss for failure to state a claim is proper, therefore, when the complaint facts do not

make a facially plausible claim or permit the reasonable inference that the defendant engaged in the alleged misconduct. *See id.*

As to Counts One through Five, Wells Fargo singularly argues that the FDCPA claims fail because the Bank does not qualify as a "debt collector" under the statute. ECF No. 9-2 at 8. The FDCPA was enacted to protect consumers against abusive debt collection practices. *See* 15 U.S.C. § 1692e; *see also* S. Rep. No. 95-382 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695. Accordingly, the alleged FDCPA violations in this case each proscribe the practices of debt collectors under the Act. ECF No. 1 at 4-5; *see* 15 U.S.C. §1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse…"); 15 U.S.C. §1692e ("A debt collector may not use any false, deceptive, or misleading representation…"); 15 U.S.C. §1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."); 15 U.S.C. §1692g ("a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt…").

Section 1692a of the FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). An entity qualifies as a debt collector if either (1) its principal purpose is to collect debts; (2) it regularly collects debts owed to another; or (3) it collects its own debts "using a name other than its own as if it were a debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016), *aff'd*, 582 U.S. 79 (2017).

Nothing in the Complaint makes plausible that Wells Fargo can be considered a debt collector under the FDCPA. The Complaint simply avers that Hampton sent to Wells Fargo numerous "notices," Wells Fargo ignored the notices, and thus, the Bank is somehow barred from enforcing the debt. ECF No. 1. But Wells Fargo's efforts to collect on the outstanding mortgage alone does not allow the plausible inference that Wells Fargo either engages in the business of debt collection, regularly collects debts owed to another, or does so using a name other than its own. If anything, the Complaint avers the opposite—that Wells Fargo, using its own name, attempted to collect its own debt. ECF No. 1 at 5; *see also Hampton v. Wells Fargo Bank, N.A.*, No. CV DLB-22-1712, 2023 WL 6200009, at *7 (D. Md. Sept. 22, 2023) (dismissing FDCPA claim for failure to make plausible that Wells Fargo qualifies as a debt collector under the FDCPA). Simply put, a lender does not otherwise qualify as a debt collector merely because a lender seeks to enforce an outstanding loan. *Id.* Therefore, Hampton's FDCPA claims in Counts One through Five must be dismissed.

As for Count Six, the "embezzlement" allegation, the Complaint relies on the federal criminal provision 18 U.S.C. § 641 that prohibits theft or embezzlement of anything of value from the United States. ECF No. 1 ¶ 42. Numerous courts have held that no private right of action exists to enforce provisions of criminal law. *See, e.g.*, *Hill v. Colvin*, No. 1:14CV354, 2016 WL 727177, at *8 (M.D.N.C. Feb. 23, 2016) (collecting cases); *see also Robertson v. Foster*, No. ELH-16-3610, 2017 WL 1104664, at *6 (D. Md. Mar. 23, 2017) ("It is well established that there is no private right of action to pursue claims under federal criminal statutes."). This is so because "a private citizen" such as Hampton "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, Count Six cannot state a cause of action and must be dismissed.

Lastly as to Count Seven, as best as the Court can tell, the Complaint appears to fault Wells Fargo for violating 15 U.S.C. § 1681s-2(b) of the FCRA because the bank failed to investigate Hampton's dispute about the delinquency of her loan.  "Section 1681s–2(b)(1) imposes certain duties on a creditor who has been notified by a credit reporting agency that a consumer has disputed information furnished by that creditor."  *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 429 (4th Cir. 2004).  Fundamental to the claim, however, is that the creditor—here Wells Fargo—had reported erroneous information to the credit reporting agencies, and that the consumer—here Hampton—disputed the erroneous information.  *Davenport v. Sallie Mae, Inc.*, 124 F. Supp. 3d 574, 581 (D. Md. 2015), *aff'd*, 623 F. App'x 94 (4th Cir. 2015).  But no Complaint facts makes plausible any element of the claim.  Rather, the Complaint merely alleges, in conclusory fashion, that Wells Fargo reported "invalidated information" to the three major credit bureaus "prior to validation and proof of claim of the disputed debt," and that "negative marks were found on the Plaintiffs [sic] credit reports made by Wells Fargo Bank N.A." ECF No. 1 ¶ 44.  This barebones pleading cannot survive challenge.  The FCRA claim must be dismissed.

In sum, the Court concludes that no claim against Wells Fargo may proceed.  Further, the Court will exercise its discretion to dismiss the claims with prejudice.  *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (citation omitted)); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985).  Where the plaintiff cannot cure the pleading deficiencies, then any further amendment to the pleading would be futile, and dismissal with prejudice is warranted.  *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (finding district court did not abuse discretion in dismissing complaint with prejudice where "amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory

8

of liability"); *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009) ("Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation.").

For the FDCPA claims, any attempted amendment would be futile because Wells Fargo, as the mortgage lender, simply cannot qualify as debt collector. Notably, Judge Boardman had previously dismissed similar FDCPA claims that Hampton lodged against Wells Fargo for this same reason. *See Hampton v. Wells Fargo Bank, N.A.*, No. CV DLB-22-1712, 2023 WL 6200009, at *7 (D. Md. Sept. 22, 2023). And yet, Hampton could not cure the pleading defects when resurrecting the claims here. Thus, they are dismissed with prejudice.

Likewise, the "embezzlement" claim fails for purely legal reasons, and no amount of amendment will confer on Hampton the right to bring a private cause of action based on purported violations of a criminal statute. Lastly, as to the FCRA claim, Hampton tried before to front a wholly baseless claim before Judge Boardman and failed, and yet once again, filed a similarly deficient pleading. *See Hampton,* 2023 WL 6200009, at *5. The Court sees no good reason to give Hampton yet a third bite at the apple. The Complaint as to Wells Fargo is dismissed with prejudice.

### IV. Hampton's Remaining Motions

Hampton has separately moved for summary judgment in her favor and for the Court to "deem certain facts admitted." ECF Nos. 13 & 14. Because the Court lacks personal jurisdiction as to Scharf and the claims as pleaded fail as a matter of law, the Complaint is dismissed in its entirety. Accordingly, Hampton's motions for judgment in her favor are denied as moot. *See Nhung Thi Tran v. Holder*, No. CIV.A. DKC 10-2503, 2011 WL 3236098, at *2 (D. Md. July 27, 2011).

## V. Conclusion

For the foregoing reasons, the Court grants Defendant Charles W. Scharf's motion to dismiss for lack of personal jurisdiction. ECF No. 10. All claims against Scharf are dismissed without prejudice. The Court grants Defendant Wells Fargo Bank N.A.'s motion and dismisses all claims with prejudice. ECF No. 9. The motions pursued by Plaintiff Katrina-Toya: Hampton are denied as moot. ECF Nos. 13 & 14.

A separate Order follows.

1/23/2025                                                    /S/
Date                                                         Paula Xinis
                                                             United States District Judge